**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TORRIE J. NASH, ) | |
| ) | 05 C 5185 |
| Plaintiff, ) | |
| ) | Judge Andersen |
| v. ) | |
| ) | Magistrate Judge Levin |
| SCREENING REPORTS, INC., ) | |
| ) | **Jury Demanded** |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

1. Plaintiff Torrie Nash brings this action to secure redress from unlawful consumer information reporting practices of defendant Screening Reports, Inc. in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and common law defamation.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction), and 15 U.S.C. §§1681p (FCRA).

3. Venue in this District is proper because defendant resides and does business here.

## PARTIES

4. Plaintiff is an individual who resides in Schaumburg, Illinois.

5. Defendant Screening Reports, Inc. is an Illinois corporation with its principal place of business at 729 N Route 83 Suite 321, Bensenville, Illinois, 60106.

6. Screening Reports, Inc. is engaged in the business of compiling and

providing reports about consumers' credit and criminal history for purposes of analyzing consumer creditworthiness.

7. Screening Reports, Inc is a consumer reporting agency under 15 U.S.C. § 1681a(f).

## FACTS

8. On May 21, 2004, plaintiff applied to lease an apartment at Bourbon Square Apartments, located in Palatine, Illinois.

9. Bourbon Square Apartments is managed by Equity Residential Properties ("Equity"), a national real estate management company with its corporate headquarters in Chicago, Illinois.

10. As part of the leasing application process, Bourbon Square Apartments performed a background check of plaintiff by ordering a consumer report about plaintiff from defendant Screening Reports, Inc.

11. Screening Reports, Inc. provided Bourbon Square Apartments with a report about plaintiff. The report erroneously stated that plaintiff had been convicted for possessing a stolen car, a felony.

12. On information and belief, the erroneous entry is the result of a former classmate of plaintiff's having provided plaintiff's name and birth date when the former classmate was arrested for possessing a stolen car in 1994. In any event, plaintiff has never been convicted for any felony.

13. Plaintiff was in contact with Screening Reports, Inc. about the erroneous entry on the consumer report. At some time between May 24, 2004, and June 1, 2004, plaintiff

provided defendant with a letter from the Illinois State Police Bureau of Identification, which states affirmatively that a search of plaintiff's fingerprints "no conviction information was identified." That letter is attached as <u>Exhibit A</u>.

14. Shortly after defendant received <u>Exhibit A</u>, defendant told plaintiff in a conversation that <u>Exhibit A</u> was irrelevant, and that plaintiff would have to prove in some other way that he had not been convicted of a felony.

15. On May 27, 2004, plaintiff contacted defendant Screening Reports, Inc. in writing, requesting that defendant remedy the erroneous entry. A copy of plaintiff's letter is attached as <u>Exhibit B</u>.

16. <u>Exhibit B</u> requests that defendant do a reinvestigation of plaintiff's report, and suggests that were defendant to do a query based on plaintiff's social security number or fingerprints defendant would receive a more accurate report.

17. On information and belief, defendant performed a reinvestigation of plaintiff, and determined that the disputed felony entry was correct. A copy of defendant's letter stating such is attached as <u>Exhibit C</u>.

18. On information and belief, defendant did not do an adequate or reasonable investigation under the circumstances.

19. When a Cook County criminal records search is done using plaintiff's social security number, such as was done on January 14, 2005, the report shows that plaintiff has never been convicted of a felony. A copy of the January 14, 2005, report is attached as <u>Exhibit D</u>.

20. On information and belief, defendant has known plaintiff's social security

number at all relevant times, but unreasonably refused to use it to perform a query on plaintiff.

21. On information and belief, defendant willfully caused the "J" to be placed in plaintiff's name in plaintiff's report in order to make the entry reporting plaintiff as a felon entry appear more "accurate" or "compelling." Exhibit C.

22. On information and belief, defendant had no basis for placing a "J" next to this entry on the report, other than to impute plaintiff with having committed a felony.

23. Plaintiff sent Exhibit D to defendant via fax in or about March, 2005, as further proof of the falsity of the statement. Defendant never responded to that communication.

24. Because of defendant's false report, plaintiff was unable to lease an apartment at Bourbon Square Apartments.

25. Because of defendant's false report, plaintiff became unemployed for approximately six weeks.

26. Because of defendant's false report, plaintiff's reputation has been damaged, and he has suffered embarrassment and emotional distress.

### COUNT I - FCRA - SCREENING REPORTS, INC.

27. Plaintiff incorporates ¶¶ 1-26.

28. Under the FCRA, 15 U.S.C. §1681e, Screening Reports, Inc. is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

29. Under the FCRA, 15 U.S.C. §1681i, Screening Reports, Inc. is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his consumer report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general.** If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

**(B) Extension of period to reinvestigate.** Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

**(C) Limitations on extension of period to reinvestigate.** Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general.** Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

**(B) Provision of other information from consumer.** The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the

>   **period referred to in paragraph (1)(A). . . .**
>
>   **(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**
>
>   **(5) Treatment of inaccurate or unverifiable information.**
>
>>   **(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

30.     Screening Reports, Inc. willfully or negligently (a) failed to use reasonable means to insure the accuracy of plaintiff's consumer report, (b) failed to investigate plaintiff's dispute and (c) failed to correct plaintiff's consumer report.

31.     Screening Reports, Inc. violated 15 U.S.C. §1681n and/or §1681o.

32.     Section 1681n provides:

>   **§1681n.  Civil liability for willful noncompliance**
>
>   **(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
>>   **(1)**
>
>>>   **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
>>   **(2) such amount of punitive damages as the court may allow; and**
>
>>   **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's**

      **fees as determined by the court. . . .**

33.    Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

    **(1) any actual damages sustained by the consumer as a result of the failure;**

    **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

34.    Section 1681p provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title  may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Screening Reports, Inc. for:

    (a)    Appropriate actual, punitive and statutory damages;

    (b)    Attorney's fees, litigation expenses and costs of suit;

    (c)    Such other or further relief as the Court deems proper.

## COUNT II - SCREENING REPORTS, INC. - DEFAMATION

35. Plaintiff incorporates paragraphs 1-34.

36. Defendant made the statement that plaintiff was "guilty" of "Possess / Sell Stolen Vehicle," a "FELONY." Exhibit C.

37. On information and belief, defendant published this statement to Bourbon Square Apartments on or about May 21, 2004, and on July 6, 2004, as demonstrated by Exhibit C.

38. The above statement was false, as evidenced by Exhibits A and D.

39. On information and belief, Screening Reports, Inc.'s publication of the false information was intentional or done either intentionally or with a reckless disregard for the truth of the matter.

40. Screening Reports, Inc. knew or should have known that the erroneous information would be used by Bourbon Square Apartments in the deciding whether to lease an apartment to plaintiff.

41. On information and belief, defendant published this false information with the intent of damaging plaintiff, or with reckless disregard for whether it would damage plaintiff. Morris v. Household Mortg. Servs., 350 F. Supp. 2d 786, 788 (N.D. Ill. 2004); 15 U.S.C. § 1681h(e).

42. The statement was not privileged.

43. The false statement that plaintiff is a felon constitutes *per se* defamation because it imputes the commission of a criminal offense. Bryson v. America Publications, Inc., 174 Ill.2d 77, 88-90; 672 N.E.2d 1207, 1214-15 (1996).

8

WHEREFORE, the plaintiff respectfully requests that this Court enter an order for the plaintiff and against the defendant in an amount equal to:

    a.    Actual damages;

    b.    Punitive damages;

    c.    Other relief as this Court may deem appropriate.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


J:\Case\screen15.323\pleading\Second Amended Cmplt\Second Amend Cmplt.wpd